UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BARBARA A. PECK, (f/k/a Barbara Kinley) | Civil No. 09-2355 (ADM/JSM) |
| Petitioner, and | |
| RAMSEY COUNTY, | |
| Intervenor, | |
| v. | **REPORT AND RECOMMENDATION** |
| TIMOTHY C. KINLEY, | |
| Respondent. | |

---

This matter is before the undersigned United States Magistrate Judge on the pro se application of Respondent, Timothy C. Kinley, for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Respondent's IFP application was accompanied by a "Notice of Removal," (Docket No. 1), by which he is attempting to remove this action from state court into federal court, pursuant to 28 U.S.C. §§ 1441, et seq. The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that removal is not permissible in this case. The Court will therefore recommend that Respondent's IFP application be denied, that his "Notice of Removal" be vacated, and that this action be summarily remanded to the state district court where it was originally commenced.

I.  **BACKGROUND**

It appears from Respondent's submissions that the above-named Petitioner, Barbara A. Peck, (f/k/a Barbara Kinley), initiated this action in 1996 or 1997, by filing a petition in

the state district court for Ramsey County, Minnesota, seeking dissolution of her marriage to Respondent. That petition was granted sometime in 1997, and Petitioner and Respondent have been divorced since that time. However, the Ramsey County district court has retained jurisdiction in this action since the marriage was dissolved, in order to provide ongoing review, supervision and enforcement of the child custody and support provisions of the divorce decree.

At some point during the state court proceedings, the above-named "Intervenor," Ramsey County, joined the action pursuant to Minnesota state law, to ensure that Respondent fulfilled his court-ordered responsibilities to support his children. See Minn.Stat. § 518A.49.

On February 9, 2009, the state court entered an order in this action, which included multiple directives. (See "Notice of Removal," Attachment A.) By that order, Respondent was held in contempt for failing to satisfy his court-ordered child support obligations. (Id.) The order provided that Respondent could avoid being sanctioned for his contempt by complying with certain specified requirements and conditions. (Id.) However, it appears that Respondent has failed to comply with the conditions attached to the state court's contempt order, and as a result, he may now be facing court-ordered sanctions. With the prospect of such sanctions looming before him, Respondent has now filed a Notice of Removal, seeking to remove this action into federal court.

**II. DISCUSSION**

    A. Respondent's Eligibility For IFP Status

When a party attempts to remove an action to federal court, he or she normally must pay the same $350 filing fee that is collected by the Clerk of Court when a new action is

initiated in federal court. 28 U.S.C. § 1914(a). In this case, Respondent did not tender the $350 filing fee when he submitted his Notice of Removal to the Clerk. Instead, he filed an IFP application, asking to be excused from paying the filing fee pursuant to the federal IFP statute, 28 U.S.C. § 1915(a). Although § 1915(a) does not expressly refer to removal proceedings, the Court has no doubt that IFP status can be granted -- if warranted -- in such proceedings.

An IFP application will be denied, however, and the action will be dismissed, if the party seeking IFP status has filed a pleading or petition that is legally frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A submission is "frivolous" for IFP purposes, and is therefore subject to summary dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also, Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990) (a claimant will be denied IFP status if he has not demonstrated "any rational argument in law or fact entitling him to relief").

In Headd v. Headd, No. 94-1001 (8th Cir. 1994), 1994 WL 558185, (unpublished opinion), the Eighth Circuit Court of Appeals held that an IFP application was properly denied, and a petition for removal was properly dismissed, where the IFP applicant's attempt to remove a state court action to federal court was found to be legally frivolous.

B. Removablility

The federal removal statutes provide that

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a) (emphasis added).

3

"Because an improper removal would leave the [federal] district court without jurisdiction, and would make any decree in the case void, the removal statute must be strictly construed, with all doubts resolved in favor of remand." DeLallo v. Teamsters Local Union #776, No. CIV.A. 94-3875 (E.D.Pa. 1994), 1994 WL 423873 at *1, citing Abels v. State Farm Fire and Cas. Co., 770 F.2d 26, 29 (3rd Cir. 1985). See also Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002) ("the nature of federal removal jurisdiction – restricting as it does the power of the states to resolve controversies in their own courts – requires strict construction of the legislation permitting removal").

The fundamental principles governing removal of state court actions to federal court have been summarized by the United States Supreme Court as follows:

> "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. [Footnote omitted.] Absent diversity of citizenship, federal-question jurisdiction is required. [Footnote omitted.] The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. [Footnote omitted.]"

Caterpillar v. Williams, 482 U.S. 386, 392 (1987) (emphasis added). See also, Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1242 (8th Cir. 1995).

The highlighted language from Caterpillar clearly indicates that removability issues must be resolved by looking at the plaintiff's pleading. In the absence of diversity jurisdiction, a state court action can be removed to federal court only if the plaintiff has pleaded a claim based on federal law. If a plaintiff is proceeding exclusively under state

4

law, a defendant cannot cause an action to become removable by pleading a defense or counterclaim based on federal law. Magee, 135 F.3d at 601. As the Supreme Court has noted, the plaintiff is the "master of the claim," so if the plaintiff's action is based solely on state law principles, the defendant is powerless to remove the action to federal court.[1]

The state court action at issue here is not removable, because the action could not have been initiated in federal court. It is readily apparent that this action is based entirely on Minnesota state law. Petitioner did not, (and could not), attempt to bring this divorce proceeding under any federal law. Furthermore, it appears that both Plaintiff and Defendant were Minnesota residents when this divorce action was commenced in state court, so the action could not have been brought in federal court under the diversity of citizenship statute, (28 U.S.C. § 1332).[2] Thus, the Court finds that if Petitioner had tried to commence this divorce action in federal court, (back in 1996 or 1997), it would have been quickly rejected for lack of subject matter jurisdiction. Because this action could not have

---

[1] There is one narrow exception to this rule, known as the "complete pre-emption doctrine." Caterpillar, 482 U.S. at 393. As explained by the Supreme Court, "[o]nce an area of state law has been completely pre-empted [by federal law], any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim." Id. The complete pre-emption doctrine has been applied primarily in labor law cases where federal labor law has effectively superseded any potentially relevant state law. Shuver v. Midamerican Energy Company, 154 F.3d 795, 798 (8th Cir. 1998). The complete pre-emption doctrine cannot be applicable here, because no federal law has pre-empted the state divorce laws on which Petitioner's action is based.

[2] Even if diversity of citizenship were present in this case, Respondent still could not have commenced this action in federal court, and it still could not be removed to federal court. It is well settled that "'[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States,'" and this principle "has been interpreted by the federal courts to apply with equal vigor in suits brought pursuant to diversity jurisdiction." Ankenbrandt v. Richards, 504 U.S. 689, 703, (1992), quoting In re Burrus, 136 U.S. 586, 593-94 (1890).

been filed in federal court at its inception, due to lack of federal subject matter jurisdiction, it cannot be removed to federal court now. Caterpillar, supra.

Furthermore, this action did not become removable by reason of Ramsey County's intervention in the case. Ramsey County intervened pursuant to Minnesota state law, and its objectives in this action are predicated entirely on state law. Ramsey County's involvement in this action is not based on federal law, and it is not seeking to enforce rights or responsibilities prescribed by federal law. Therefore, Ramsey County's intervention in this action does not cause the action to be removable.[3]

**III.     CONCLUSION**

For the reasons discussed above, the Court concludes that the present action cannot properly be removed to federal court, and Respondent's attempt to remove this case is legally frivolous. Therefore, Respondent's "Notice of Removal" must be vacated, his IFP application must be denied, and this case must be summarily remanded to the state court.

**IV.     RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Respondent's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED;

---

[3] Respondent apparently believes that the federal Constitution provides him with certain rights and defenses in this case, but that does not make the case removable. Because neither Petitioner nor Intervenor is bringing a claim based on federal law, the case cannot be removed to federal court, even if Petitioner is seeking to defend himself on federal constitutional grounds. See Magee, 135 F.3d at 601 ("[f]ederal-question jurisdiction is not created by a federal defense").

2. Respondent's "Notice of Removal," (Docket No. 1), be VACATED; and

3. This matter be summarily REMANDED to the State District Court for Ramsey County, Minnesota.

Dated: September 23, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 7, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.