UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Barbara A. Peck, (f/k/a/ Barbara Kinley),

        Petitioner,

        v.

Timothy C. Kinley,

        Respondent,

and

Ramsey County,

        Intervenor.

MEMORANDUM OPINION
AND ORDER
Civil No. 09-2355 ADM/JSM

_____

Timothy C. Kinley, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Respondent Timothy C. Kinley's ("Kinley") Objections [Docket No. 4] to Magistrate Judge Janie S. Mayeron's September 23, 2009 Report and Recommendation ("R&R") [Docket No. 3]. Judge Mayeron recommended vacating Kinley's Notice of Removal [Docket No. 1], denying Kinley's application for leave to proceed in forma pauperis [Docket No. 2], and remanding the case to the Ramsey County District Court. For the reasons stated below, Plaintiff's Objections are overruled and the R&R is adopted.

## II. BACKGROUND

Petitioner Barbara A. Peck ("Peck") and Kinley were married in 1987 and have three children together. Notice of Removal, Ex. A at 2 (Ramsey County District Court Findings of Fact, Conclusions of Law, and Order, hereinafter "State Court Order"). Upon the dissolution of

the parties' marriage in 1997, Kinley was ordered to pay child support. State Court Order at 2-3. In 2007, Intervenor Ramsey County ("Ramsey County") filed a notice to intervene as a matter of right to ensure that Kinley fulfilled his court-ordered obligation to pay child support. Id. at 3; see also Minn. Stat. § 518A.49. On February 9, 2009, the state district court granted Ramsey County's requests to intervene and to hold Kinley in contempt for non-payment of child support. State Court Order at 18. The state district court required Kinley to comply with specific conditions or face sanctions for failure to pay child support. Id. at 19. Kinley has failed to fulfill the support conditions ordered by the state district court and now seeks to remove this action into federal court.

### III. DISCUSSION

#### A.  Standard of Review

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

A state-court action may be properly removed to federal court if the case falls within the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and "all civil actions where the matter in controversy . . . exceeds $75,000 and is between citizens of different states." 28 U.S.C. § 1332(a)(1). The party seeking removal . . . has the burden of establishing federal subject matter jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). If there is no subject matter

jurisdiction, the district court must remand the action.

**B.  Kinley's Objections**

Kinley does not aver that this action involves citizens of different states.  Therefore, the only basis for federal jurisdiction would be the action arises under the Constitution, laws, or treaties of the United States.  Judge Mayeron concluded that Kinley's action is not removable because it is based entirely on Minnesota state law.  R&R at 5.  Kinley objects to Judge Mayeron's conclusion, arguing that the removal is not based on the divorce action but rather on a violation of Kinley's federal due process rights.  Objections at 2-3.  Specifically, Kinley argues, Title IV-D of the Social Security Act, 42 U.S.C. § 654(4), requires a state intervening in a child-support enforcement proceeding to provide evidence that an individual applied for child support services.  Id. at 4-5.  Ramsey County's alleged failure to provide evidence that Peck made such an application, Kinley maintains, precluded the state district court from granting Ramsey County's motion to intervene.  Id. at 5.

The action began as a proceeding for legal separation and ended in a marriage dissolution with the state district court ordering Kinley to pay child support.  Ramsey County sought the state district court's permission to intervene as a real party in interest to ensure the children's welfare and to review Kinley's compliance with his child-support obligations.  Kinley contends that the state district court improperly granted Ramsey County's motion to intervene in violation of his due process rights.  Whatever the merits of Kinley's allegation regarding the alleged infirmities in the method by which the County intervened, at issue is a marriage dissolution and a subsequent claim for child support.  "[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United

3

States." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) quoting In re Burrus, 136 U.S. 586, 593-94 (1890). This well-established principle requires this case to be in state court because it does not arise under the Constitution, laws, or treaties of the United States. Therefore, the case does not fall within this Court's original jurisdiction and cannot properly be removed. To the extent Kinley claims Ramsey County's allegedly improper intervention violated his federal due process rights, such a purported "federal defense" does not convert the matter into one over which this Court has original jurisdiction. Magee v. Exxon Corp., 135 F.3d 599, 601 (1998) (explaining that a party cannot cause an action to become removable by pleading a federal defense).

Kinley next argues that this action arises under federal law because Ramsey County intervened pursuant to a federal program (Title IV-D), which is referred to in Minnesota Statute Section 518A.26. Objections at 4. This federal statute delineates specific rules States must follow to establish a plan for child and spousal support as a condition of the receipt of federal funding. Again, Ramsey County's alleged failure to follow the rules set forth in the federal program does not convert an action to collect unpaid child-support obligations into an action over which this Court has original jurisdiction.

Kinley's final argument is that Title IV-D gives rise to an individual right that is enforceable under 42 U.S.C. § 1983. Id. at 7-10. That section makes liable anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Supreme Court has held that some Title IV-D provisions may give rise to individual rights. Blessing v. Freestone, 520 U.S. 329, 345-46 (1997). Before a determination could be made about whether Ramsey County's alleged failure

4

to comply with Title IV-D supports a cognizable claim under § 1983, Kinley must file a separate action in federal court claiming violations under § 1983, rather than this improper attempt to remove the state court action which is, always has been, and always will be an action brought by Peck under state law to collect unpaid child-support obligations.

For the reasons set forth above, this case was not properly removed to federal court. Because the matter is remanded to state court, Kinley's application for leave to proceed in forma pauperis is moot.

## IV. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Kinley's Objections [Docket No. 4] are **OVERRULED**;

2. The R&R [Docket No. 3] is **ADOPTED;**

3. The action is **REMANDED** to Ramsey County District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 2, 2009.